IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Clayborn L. Smith (#20220728132), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20 C 7353 |
| v. | ) | |
| | ) | Hon. Charles R. Norgle |
| R. Howard, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' motion to dismiss [20] is denied. Plaintiff's motion for leave to file additional authority [27] is granted. Defendants are directed to answer the complaint by _10-7_, 2022.

## STATEMENT

Plaintiff Clayborn L. Smith, currently a detainee at Cook County Jail, brings this *pro se* civil rights action under 42 U.S.C. § 1983, claiming interference with the practice of his Islamic faith during a previous detainment at the Jail in 2020. By screening order of April 21, 2021, the Court found that Plaintiff had alleged sufficient facts to assert a free exercise of religion claim under both the First Amendment and Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1, based on his allegations that starting in May 2020 he was offered only a vegan diet rather than a Halal or Kosher diet that included meat and dairy, and that subsequently even his vegan diet was rescinded after he purchased Halal products from the commissary. (Dkt. 11.) Plaintiff's allegations were set forth in detail in that screening order; in summary, he alleged that after requesting a Halal diet for over a year starting in 2017, he eventually received "vegan trays plus milk and halal products". But in April 2020, Plaintiff contracted Covid-19, and was thus transferred to a different Division of the Jail, where he continued to receive vegan meal trays, but was no longer provided with Halal or Kosher eggs and milk. Plaintiff told Dietary Supervisor Howard and others that he is Muslim, not vegan, and that he had "contracted for" a Halal diet. In August 2020, after Plaintiff filed a grievance regarding the denied of Halal or Kosher products, Howard and others researched Plaintiff's commissary purchases history and terminated his vegan diet because his purchases were inconsistent with a vegan lifestyle. But Plaintiff explained that the items he had purchased from the commissary had a Halal sign on them. His Jail-provided diet then consisted of lunch and dinner trays that mostly contained forbidden meat.

Now before the Court is Defendants' motion to dismiss. Defendants' principal argument is that Plaintiff's complaint fails to allege a burden on the practice of his religion. Defendants contend that the vegan diet supplied by Cook County provided Plaintiff with a nutritious diet without forbidden foods, and that he lost access to that diet not because of wrongful conduct by

Cook County officials, but rather by way of his own actions – namely purchasing meat and dairy at the commissary which are inconsistent with veganism. (Dkt. 20.)

The Court begins by observing that the Court's screening order pursuant to 28 U.S.C. § 1915A employed the same standard that applies to Rule 12(b) motions to dismiss. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Further, the Court is obligated to liberally construe *pro se* complaints, "holding them to a less stringent standard than pleadings drafted by lawyers." *Id.*

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013).

Evaluated under this liberal pleading standard, the Court sees no reason to revisit its screening order allowing both the free exercise of religion and RLUIPA claims to proceed.

Restrictions that infringe on an inmate's exercise of his religion are permissible if they are reasonably related to a legitimate penological objective. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Four factors govern whether a restriction impermissibly infringes on an inmate's First Amendment religious rights: (1) whether there is a valid and rational connection between the restriction and a legitimate governmental interest; (2) whether there are alternative means of exercising the right that remain open to the inmate; (3) whether accommodation of the right would have a significant impact on prison staff or other inmates; and (4) whether the restriction is reasonable in terms of allowing use of available alternatives. *Id.*

RLUIPA gives inmates broader religious protection than the First Amendment. *Holt v. Hobbs*, 135 S. Ct. 853, 859-60 (2015). It "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005) (acknowledging RLUIPA's purpose and noting that "[s]hould inmate requests for religious accommodations become excessive, impose unjustified burdens on other institutionalized persons, or jeopardize the effective functioning of an institution, the facility would be free to resist the imposition," subject to "as-applied challenges"). Specifically, it prohibits prisons that receive federal funds from imposing a substantial burden on a prisoner's religious exercise unless that burden: "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a)(1)-(2).

2

As explained in the screening order, the Seventh Circuit recently found, following the Supreme Court's clarification of the "religious burden" standards in *Holt v. Hobbs*, 135 S.Ct. 853, (2015), and *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014), that providing vegetarian meals, coupled with halal food items for sale, does not ameliorate the burden imposed on the practice of religion by not providing halal or kosher meal trays in the first place. *See Jones v. Carter*, 915 F.3d 1147, 1150 (7th Cir. 2019). The Seventh Circuit explained that "there can be no doubt that when the state forces a prisoner to give away his last dime so that his daily meals will not violate his religious practice, it is imposing a substantial burden." *Jones*, 915 F.3d at 1150. Defendants do not acknowledge *Jones v. Cater* in their motion to dismiss. And Plaintiff's allegations – if accepted as true – demonstrate a potentially greater burden on the practice of his religion than the prisoner in *Jones* because here Plaintiff has alleged that when he purchased halal but non-Vegan products, his vegan diet was rescinded despite that he never purported to be a vegan. These allegations warrant factual development in light of the standards and decision set forth in *Jones v. Carter*.

Defendants also argue that individual-capacity claims against Defendant Mueller should be dismissed because Plaintiff does not allege his personal involvement in the events. But the Court's screening order clearly explains that Plaintiff may proceed against Mueller in *only* his official capacity for purposes of a RLUIPA damages claim. Thus, this argument is unnecessary and moot.

Finally, Defendants argue that any injury that Plaintiff has suffered is *de minimus*. But Plaintiff's prayer for relief (including the type of damages sought therein) is not a part of the parties' claims or defenses, and thus is not a proper subject for a motion to dismiss. Even if his injuries ultimately are determined to be *de minimis*, that fact may preclude him from obtaining compensatory damages, but it would not preclude him from seeking "nominal and punitive damages." *Calhoun v. DeTella*, 319 F.3d 936, 940-41 (7th Cir. 2003); *see also Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012); *Washington v. Hively*, 695 F.3d 641, 644 (7th Cir. 2012); *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011).

For these reasons, Defendants' motion to dismiss is denied. Defendants are directed to answer the complaint by the date set forth above.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: September 16, 2022